■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ORTIZ, Appellant. [952 NYS2d 443]—

The verdict was against the weight of the evidence. "[A]n acquittal would not have been unreasonable" as there was conflicting testimony and a lack of evidence establishing defendant's guilt beyond a reasonable doubt (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). The victim claimed that, while she was in the hospital, defendant made a threatening phone call to her, in violation of an order of protection. However, she could not identify the time defendant made the call or whether she received the call on her cell phone or on the phone in her hospital room. There was also no documentary proof establishing that defendant made the call.

Moreover, the victim's testimony was inconsistent with defendant's documented conduct during the months leading up to the incident. Notably, defendant and the victim were going through a bitter divorce. However, defendant's conduct in connection with the divorce demonstrated his intent to act lawfully, contrary to the victim's testimony.

While we afford great deference to the court's opportunity to hear testimony and observe demeanor, our review of the record finds the victim's testimony incredible. Concur—Andrias, J.P., Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ.